# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**EDDIE A. PENNYPACKER, ET AL.**                                     **PLAINTIFFS**

**v.**                                                **CAUSE NO. 3:14CV262-LG-LRA**

**CITY OF PEARL, MISSISSIPPI, ET AL.**                               **DEFENDANTS**

## ORDER GRANTING MOTIONS IN LIMINE

BEFORE THE COURT are two motions in limine filed by the defendant, Brad Rogers. The first argues for exclusion of evidence regarding unemployment compensation decisions rendered in favor of the plaintiffs, and the second argues for exclusion of evidence concerning punitive damages. Plaintiff Pennypacker filed a tardy response. After due consideration of the submissions and the relevant law, the Court finds as follows.

### 1. Unemployment Compensation Decisions

Rogers seeks to exclude Mississippi Department of Employment Security decisions favorable to Pennypacker and former co-Plaintiff Lewis. Pennypacker responds that he has no objection to the exclusion of this evidence. Accordingly, Rogers' Motion will be granted as unopposed.

### 2. Punitive Damages

Rogers seeks to exclude at trial statements and evidence regarding punitive damages, arguing that the evidence is insufficient to allow Pennypacker to meet the high burden required to allow the jury to consider

punitive damages.  Pennypacker responds that he must be allowed to put on the evidence supporting his claims of malicious prosecution, tortious interference and outrage before the Court determines whether there is sufficient evidence to consider punitive damages.

The presentation of the underlying facts in support of remaining causes of action is different from the consideration or even discussion of punitive damages prior to a jury finding of liability and compensatory damages.

> [T]he trial court judge should initially determine whether to submit punitive damages to the jury, and in making this determination, the trial court must review all of the evidence before submitting the issue of punitive damages to the jury. *Choctaw Maid Farms, Inc. v. Hailey*, 822 So.2d 911, 923 (Miss. 2002).  "Clearly, the trial court is the gatekeeper for the issue of whether punitive damages, in cases involving both intentional and non-intentional torts, should be submitted and considered by a jury." *Doe ex rel. Doe v. Salvation Army*, 835 So.2d 76, 79 (Miss. 2003).

*Johnson & Johnson, Inc. v. Fortenberry*, 234 So. 3d 381, 409 (Miss. 2017), *reh'g denied* (Feb. 1, 2018).

The issue of punitive damages will be handled in accord with MISS. CODE ANN. § 11-1-65.  Therefore Rogers' request is granted to the extent that any mention, discussion or evidence pertaining to "punitive damages" will be excluded during the initial phase of trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [86] Motion in Limine filed by Brad Rogers regarding the unemployment compensation decisions issued by the Mississippi Department of Employment

Security is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [89] Motion in Limine Regarding Punitive Damages filed by Brad Rogers is **GRANTED** as noted above.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE